**William A. NEVIN, Jr., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 96–793 C.

United States Court of Federal Claims.

Feb. 25, 1999.

Douglas D. Konselman, Washington, D.C., Counsel of Record for plaintiff.

Dominique Kirchner, Attorney, with whom were Katherine Blecher, Assistant Director, David M. Cohen, Director, Commercial Litigation Branch, Frank M. Hunger, Washington, D.C., Assistant Attorney General Civil Division, U.S. Department of Justice for defendant.

Thomas Shultz, Assistant General Counsel, with whom were Dina Li. Biblin, Counsel Unit Chief, Nancy Chase Miller, Counsel, Federal Deposit Insurance Corporation, of counsel.

## OPINION

DAMICH, Judge.

This case is before the court on Defendant's Motion To Dismiss And Motion For Summary Judgment. The Plaintiff alleges that the government breached a contract in the form of a Federal Deposit Insurance Corporation (FDIC) employee buyout program by informing the Plaintiff that he could not participate in the program subsequent to the Plaintiff's submission of an application to take part in the buyout program. For the reasons stated below, this court finds for the Defendant and grants the Defendant's Motion to Dismiss for lack of jurisdiction.

## FACTS

On November 8, 1995, the FDIC issued, via E-mail, an announcement to all its employees offering a buyout, in which eligible employees would voluntarily terminate their employment in exchange for a financial incentive package. The Buyout Announcement explained why the FDIC was offering the buyout and contained specific features of the buyout plan, as well as a description of those employees eligible for the buyout. Two attachments accompanied the Buyout Announcement. The attachment specifically excluded reemployed annuitants from the buyout plan, and was included in the Buyout Announcement issued to all employees.

> The buyout offer will be extended to those FDIC/RTC permanent employees on career appointments who have completed at least three or more years of continuous FDIC/RTC/FSLIC service, with the following exclusions: those employees electing disability retirement and reemployed annuitants.

Defendant's Motion to Dismiss, at AP 37.

Reemployed annuitants are employees who already have retired from Government employment and are receiving Federal retirement benefits, yet have been reemployed for an indefinite term of service. Plaintiff, Mr. Nevin, was a reemployed annuitant at the time of the buyout offer. On November 9, 1995, FDIC sent out buyout packages to eligible individuals pursuant to the previous day's E-mail. The FDIC admits that not all eligible employees received the package, while some ineligible employees received the buyout package. The Plaintiff did not receive such a package. In order to ensure that all employees were aware of their eligibility or ineligibility, the FDIC scheduled briefings explaining who was eligible and encouraged all employees to attend them. The Plaintiff attended one of the briefings on November 29, 1995.

After November 9, 1995, and before December 4, 1995, the Plaintiff called the Personnel Serv. Branch (PSB) to ask about the exclusion of reemployed annuitants from the buyout offer. John Chipouras, Chief of the Benefits Section of the PSB, explained to the Plaintiff that he was not eligible. Despite being so informed, Plaintiff called the PSB on December 4, 1995, and informed the office that he had not received a buyout package and now wished to receive one. Plaintiff received the buyout package on December 4, 1995, which was accompanied by an application to be signed by the recipient and a letter dated November 9, 1995, signed by Mr. Squerrini, Associate Director of the Personnel Services Branch of the FDIC. The letter was addressed, "Dear Buyout Eligible." Thereupon, Plaintiff quickly submitted his application, which was received by the FDIC on December 12, 1995. The FDIC immediately established that it had made an error, and that the Plaintiff was not eligible for the buyout. The FDIC notified him at once as to this fact by phone, E-mail, and letter. The FDIC asked the Plaintiff if he still

wished to retire. On December 27, 1995, the Plaintiff informed the PSB via E-mail that he still wished to voluntarily retire on December 31, 1995. Plaintiff retired on December 31, 1995.

Plaintiff filed in this court for a breach of express contract and, in the alternative, for a breach of implied contract. Defendant has filed Motions to Dismiss under Rules 12(b)(1) and 12(b)(4) and, in the alternative, a Motion for Summary Judgment under Rule 56.

## DISCUSSION

Plaintiff claims that because he received a buyout package and he signed the buyout agreement and submitted it to the FDIC, the FDIC is bound by either an express or implied contract to pay him such funds due to him were he allowed to participate in the buyout program. The Defendant argues that there was neither an express nor an implied contract because the package was sent to the Plaintiff in error and because the Plaintiff, as a reemployed annuitant, is ineligible for participation in the buyout program. Defendant moves this court to dismiss for lack of jurisdiction.

## I. JURISDICTION

The Tucker Act jurisdiction of the United States Court of Federal Claims is set forth at 28 U.S.C. 1491 as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

29 U.S.C. 1491 (1994).

## II. STANDARD OF REVIEW

The government denies the existence of an implied or express contract and moves to dismiss pursuant to RCFC 12(b)(1). "When reviewing a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1) the facts as alleged in the complaint must be construed favorably to the plaintiff."

*Morris v. United States,* 33 Fed.Cl. 733, 741 (1995), quoting *Scheuer v. Rhodes* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The court, in considering this motion, must presume all factual allegations to be true and correct. *Reynolds v. Army and Air Force Exchange Service,* 846 F.2d 746, 747 (Fed. Cir.1988). A plaintiff, however, bears the burden of establishing the court's jurisdiction over the complaint by a preponderance of the evidence. *Id.* Therefore, if a defendant challenges the factual basis upon which jurisdiction is premised, the plaintiff may lose the benefit of the foregoing presumption of truth. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). The court then may look outside the complaint and receive evidence for the purpose of resolving the jurisdictional issue of fact. *Morris v. United States,* 33 Fed.Cl. 733, 742 (1995); *Catellus Development Corp. v. United States,* 31 Fed.Cl. 399, 405 (1994); *Maniere v. United States,* 31 Fed.Cl. 410, 413–14 (1994). The court, herein, now examines whether Plaintiff has met the burden of establishing the court's jurisdiction, by proving the existence of either an express or implied contract between Plaintiff and the United States.

## III. EXISTENCE OF A CONTRACT

In the case at bar, the Plaintiff argues that the November 9, 1995, letter signed by Mr. Squerrini is, in itself, an offer by the FDIC to contract with the Plaintiff. This court is disinclined to view that letter as anything but an invitation to an offer. The Plaintiff, upon receipt of the buyout package, was thereafter required to apply to the FDIC for participation in the buyout program. If Mr. Squerrini had reviewed and approved Plaintiff's eligibility, then the FDIC would have extended an offer to Plaintiff. Defendant has raised a challenge to the facts underlying the court's jurisdiction. The Defendant asserts there is no evidence of an express or an implied contract. Assuming that any of the letters Plaintiff received from the FDIC separately or together may be construed as an offer, this court finds that Plaintiff has failed to establish the essential elements of an express or implied contract.

To prove the existence to an express or implied contract with the government for purposes of this court's jurisdiction, proof of four elements is required: 1) lack of ambiguity in offer and acceptance; 2) mutuality of intent to contract; 3) sufficient conduct by a government representative having actual authority to bind the government in contract; and 4) consideration. *City of El Centro v. US.*, 922 F.2d 816, 820 (Fed.Cir.1990), cert. denied, 501 U.S. 1230, 111 S.Ct. 2851, 115 L.Ed.2d 1019 (1991).

Lack of ambiguity in offer and acceptance must be established if a contract is to exist. *Petrini v. United States,* 19 Cl.Ct. 41, 45 (1989). The Plaintiff does not deny that he was in fact a reemployed annuitant at the time the Buyout Announcement was issued on November 8, 1995, through his retirement on December 31, 1995. This fact is undisputed. Yet, the express language of the Buyout Announcement clearly excludes reemployed annuitants from the Buyout Offer. Plaintiff did not receive a buyout package on November 9, 1995, as did the majority of eligible recipients. Only after he requested such a package one month later did the FDIC send Plaintiff the buyout package. The letter accompanying the buyout package Plaintiff received on December 4, 1995, which the Plaintiff claims to be evidence of an unambiguous offer, is impersonally addressed, "Dear Buyout Eligible." Assuming, *arguendo,* that this letter constitutes an offer, the language of the letter further describes the buyout package as being limited to "those who meet applicable age and service requirements." This very language would make the terms of any such offer ambiguous unless read in conjunction with eligibility requirements as stated in the Buyout Announcement of November 8, 1995, which specifically exclude "reemployed annuitants" from the Buyout Offer. The Plaintiff, here, has failed to establish the existent of an unambiguous offer. Taken alone, the December 4, 1995, letter is too ambiguous as to eligibility requirements to constitute an unambiguous offer from the FDIC to the Plaintiff. To the extent that the Buyout Announcement clarifies the terms of the December 4, 1995, letter, it clearly excludes the Plaintiff from any potential offer.

■ The Plaintiff has further failed to prove the existence of the government's intent to contract with Plaintiff. The FDIC made clear to Plaintiff, on multiple occasions, its lack of intent to contract with Plaintiff. On November 8, 1995, the Plaintiff received the Buyout Announcement which explicitly excluded reemployed annuitants from participation in the buyout package. Upon failing to receive a buyout package on November 9, 1995, as did most eligible employees, the Plaintiff made several inquiries as to whether he was eligible for a buyout package. The Chief of the Benefits Section of the PSB explained to the Plaintiff several times that the Plaintiff was, due to his status as a reemployed annuitant, ineligible for participation in the buyout program. The Plaintiff fails to allege that any representative of the FDIC at any time told him that he was eligible as a reemployed annuitant to participate in the buyout program. The fact that the Plaintiff received a buyout package upon request is, in light of all attendant circumstances, not sufficient evidence of an intent to contract. It is, however, evidence of a unilateral mistake, which will make a contract (were one to even exist in the case at bar) voidable if a party (herein the Defendant) can show:

(i) a mistake was made by the party at the time the contract was made;

(ii) the mistake concerned a basic assumption of the contract;

(iii) the mistake has a material effect on the agreed exchange of performances;

(iv) the party does not bear the risk of the mistake; and

(a) the effect of the mistake would make enforcement of the contract unconscionable, or

(b) the other party had reason to know of the mistake or his fault caused the mistake.

*Morris v. United States,* 33 Fed.Cl. 733, 747 (1995); *Meek v. United States,* 26 Cl.Ct. 1357, 1362 (1995). Based on the above-stated facts, clearly a unilateral mistake was made in this case.

■ A third requirement necessary to establish a binding contract with the govern-

ment is that the government representative initiating the contract have binding authority. *Chavez v. United States*, 18 Cl.Ct. 540, 543 (1989). The burden lies with the Plaintiff to show that a person with actual authority made the agreement. *Cruz–Pagan v. United States*, 35 Fed.Cl. 59, 60 (1996). The Plaintiff has failed to aver that a person with actual or implied authority to waive the eligibility requirements contained in the Buyout Announcement has signed the letter accompanying the Buyout Package. That authority lies with the FDIC's Board of Directors. The letter in question was signed by Mr. Squerrini, who is not a member of the FDIC's Board of Directors and thus lacked actual authority. Any assertion that Mr. Squerrini acted with implied authority to create a contract which waived these eligibility requirements lacks sufficient evidence. To the extent that Mr. Squerrini had any actual or implied authority, it was to receive and accept applications to the employee buyout program from those persons who met eligibility requirements published in,the Buyout Announcement.

Consideration is the final element necessary to show the existence of a contract. There may, in fact, be evidence sufficient to prove that Plaintiff's willful retirement on December 31, 1995, was an act of adequate consideration. However, since neither an unambiguous offer, nor a mutual intent to contract, nor an actual or implied authority to contract is present, such retirement cannot be deemed to be consideration.

## CONCLUSION

This court finds that the Plaintiff has failed to prove the existence of a contract. The existence of a contract is necessary to establish subject matter jurisdiction of this court. This court therefore dismisses the Plaintiff's complaint, pursuant to RCFC 12(b)(1).

IT IS SO ORDERED.